UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY Z. , <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:23-cv-5124-TLF <br><br> ORDER REVERSING AND REMANDING |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. For the reasons set forth below, the Court concludes that the decision to deny benefits should be reversed and that this matter should be remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

On June 23, 2020, Plaintiff filed an application for DIB, alleging a June 19, 2020 onset date. Dkt. 5, Administrative Record ("AR") 16. After a January 18, 2022 hearing, an administrative law judge ("ALJ") issued a decision finding that Plaintiff was not disabled. AR 16-29.  Plaintiff requested review of the ALJ's decision, and, on January 5, 2022, the Appeals Counsel denied review. AR 1-3.

The ALJ found plaintiff had the following severe impairments: major depressive disorder and thyroid impairment. AR 18. In the discussion of severe impairments, the ALJ also described "body pain" among the symptoms raised by the plaintiff as part of her application process. AR 19. The ALJ determined that there was insufficient evidence to support a medically determinable fibromyalgia condition, and therefore the ALJ did not find fibromyalgia as a severe condition. *Id.* Yet the ALJ stated that "symptoms, from whatever etiology, are discussed below and incorporated into the claimant's residual functional capacity." *Id.*

The ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to perform a range of medium work as defined in 20 CFR 404.1567(c). AR 21. The vocational expert (V.E.) had opined, and the ALJ agreed, that representative occupations plaintiff would be able to perform were: kitchen helper, laundry worker, and industrial cleaner. AR 29, 50-55.

## II.   ISSUE FOR REVIEW

Plaintiff raises the following issue on appeal:

1. Did the ALJ err in evaluating the medical opinion of David Schumer, M.D.?

## III.   DISCUSSION

A.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

B.      Medical Evidence

Plaintiff challenges the ALJ's evaluation of the opinion of David Schumer, M.D. Dkt. 10.

Plaintiff initially filed the claim on June 23, 2020, so the ALJ applied the 2017 regulations. *See* AR 16-29. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

ORDER REVERSING AND REMANDING - 3

robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

Plaintiff saw Dr. Schumer on May 10, 2020 (AR 269-70), May 25, 2020 (AR 267-68), June 10, 2020 (AR 265-66), June 25, 2020 (AR 263-64), September 10, 2020 (AR 305-06), October 20, 2020 (301-02), December 15, 2020 (AR 299-300), March 3, 2021 (AR 297- 98), March 31, 2021 (AR 295-96), and December 21, 2021 (AR 374-77). Dr. Schumer diagnosed plaintiff with fibromyalgia, and chronic fatigue (AR 374) and also noted that she had depression (AR 378); he opined the following: Plaintiff could sit, stand, or walk for 2 hours each per 8-hour workday; she required periods of walking every 30 minutes; she required daily unscheduled breaks lasting 15 minutes; she could rarely lift less than 10 pounds and never lift more; she could rarely twist, stoop, crouch, or squat; she could never climb stairs and ladders; she could handle and finger bilaterally for 80 percent of the workday; she could reach in front of her body bilaterally for 20 percent of the workday; and she could reach overhead bilaterally for 10 percent of the workday; she would be off-task for 20 percent of the workday; and she would be absent for more than 4 days per month. AR 374-77.

The ALJ found Dr. Schumer's opinions unpersuasive because they were not supported by his own treatment notes, and they were "inconsistent with the record,

ORDER REVERSING AND REMANDING - 4

unexplained" and "brief, conclusory and inadequately supported by his clinical findings." AR 27.

As for the ALJ's first reason for rejecting Dr. Schumer's opinion, the ALJ claims that Dr. Schumer's notes stating that the Plaintiff "is stable on medications and she is otherwise doing well wo complaint *she is still debilitated by this disease"* is contradictory and inconsistent with his opinion that the "claimant is doing well" (emphasis added). AR 27. *See also* AR 256, 260, 263, 265.

The ALJ may reject an opinion for internal inconsistency. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet the ALJ must consider the context of the opinion in the record, including observation and treatment notes. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

When an ALJ seeks to discredit a medical opinion, they must explain why their own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). An ALJ must provide an explanation for rejecting an examining or treating doctor's opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence"). *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions).

ORDER REVERSING AND REMANDING - 5

1       Dr. Schumer's notes characterized Plaintiff's symptoms as stable with medication,
2  and her symptoms were nonetheless debilitating. He also states on several visits that
3  Plaintiff has not made significant progress with current therapy. AR 258, 260, 263, 269.
4  The ALJ's interpretation would mean that in instances where a Plaintiff is on medication
5  and current treatment is not necessarily making their condition worse, they would be
6  found not disabled. "Stable", however, does not mean better or resolved, or that a
7  claimant's condition is not disabling. See, e.g., Petty v. Astrue, 550 F. Supp. 2d 1089,
8  1099 (D. Ariz. 2008) ("The Court initially notes that a condition can be stable but
9  disabling"); Hutsell v. Massanari, 259 F.3d 707, 712 (8th Cir. 2001) ("Doing well for the
10 purposes of a treatment program has no necessary relation to a claimant's ability to
11 work or to her work-related functional capacity."); Flowers v. Colvin, 2016 WL 807693,
12 at *10 (D. Or. Feb. 11, 2016) (discussing use of the term "stable," and noting
13 that stability does not necessarily equate to an ability to work and could mean only that
14 the condition has not changed). See also Garrison v. Colvin, 759 F.3d 995, 1017 (9th
15 Cir. 2014) (finding that reports of "improvement" must be "interpreted with an awareness
16 that improved functioning ... does not always mean that a claimant can function
17 effectively in a workplace." (citation omitted)). Therefore, the ALJ failed to adequately
18 identify or explain any purported internal inconsistencies in Dr. Schumer's opinions.

       As for the ALJ's second reason for rejecting Dr. Schumer's opinion, the ALJ does
20 not identify which medical evidence undermines Dr. Schumer's opinion; the ALJ
21 describes the problem with Dr. Schumer's opinion as: "inconsistent with the record,
22 unexplained" and "brief, conclusory and inadequately supported by his clinical findings."
23 The Court cannot accept a general finding and comb the administrative record to find

ORDER REVERSING AND REMANDING - 6

the conflict. *Brown-Hunter*, 806 F.3d at 494. Because the ALJ did not identify any particular portions of the AR that contradict Dr. Schumer's opinion, the Court is unable to meaningfully review this issue. *See also, Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJ is required to explain their reasoning).

C.      Harmless Error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a RFC that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.* at 1052, 1054; *see also*, *Carmickle v. Comm'r. Spc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen*, 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul*, 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). Here, the RFC did not include limitations opined by Dr. Schumer such as need to sit one hour at a time for up to two hours per day, a job that would permit shifting positions at will, and unscheduled breaks lasting fifteen minutes. Therefore, the error in assessing the opinion of Dr. Schumer was not harmless.

D.      Whether the Court should reverse with a direction to award benefits.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045. Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

## IV.   CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 5th day of January, 2024

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 8